Downey, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The action, which is for the recovery of an amount deducted as liquidated damages, is by “ George S. Fowler for the use and benefit of the Exeter Machine Works, Incor porated,” and the right to maintain the action in this form is first for our attention.
The claimant declares on a contract in writing for the furnishing of certain supplies to the Navy Department. The bid for the furnishing of the supplies involved was submitted by George S. Fowler in his own name. The contract was executed by him. He is individually the principal in the bond. Payment made was made to him, and the claim filed with the auditor and appealed to the comptroller was filed and appealed by him. It appeared from a statement in the bid that the bronze was to be manufactured at the plant *56 o± the Exeter Machine Works, but it nowhere appears that the contract was else than the contract of Fowler until the commencement of this action in this court.
In the petition it is alleged in substance that Fowler was the agent of the Exeter Machine Works, that as a matter of convenience the bid was submitted and the contract executed in his name, but that, in fact, he was representing an undisclosed principal, and that the Exeter Machine Works is the real party in interest. There is nothing in the record on this subject except the naked allegations of the petition, and if the facts were material to a determination of the case the failure to submit any proof must be held to be fatal. Mere allegations in a petition, even though not controverted, do not constitute proof of facts alleged.
But if we may assume the facts to be true as alleged, we can not conclude that there is any right to maintain this action in the present form. In consonance with the usual rule as to the maintenance of actions by the real party in interest we can readily conceive that perhaps action in this case, under proper allegations and proof, might have been maintained by the Exeter Machine Works, and we are not unmindful of the rule which, even under the facts like those stated, has sometimes been held to justify action by the agent in his own name, but we find no authority for actions in this class of cases in the form resorted to here.
However, since this question goes only to form and not to substance, and since a decision of the case upon that question alone would likely but result in another action in a different form, we conclude that we ought not let our conclusion rest on it alone, but that we should consider the merits of the case on other questions presented.
The claimant seeks to recover in this action the amount deducted from his contract price as liquidated damages for delay in delivery, and predicates his right on the allegation that the deduction of such damages was “ unlawful, unreasonable, unjust, and improper oppression,” for two reasons which will receive brief consideration in the order stated.
It is first alleged in substance that the contract was impossible of performance within the time specified, and that *57 the contractor was therefore entitled to a reasonable time within which to perform, in connection with which it is alleged that such impossibility of performance was due to the failure of the officers of the United States to allow a reasonable time for the performance of the contract and to the fact that they did not sign and deliver to the contractor in ample time the formal contract required by law.
Some, at least, of claimant’s contentions can find but little support either in the facts of the case or the relative rights of the parties. The right of the United States, in the first instance, to fix whatever time it saw fit for the delivery of needed supplies was a right which the claimant can not dispute. Needing supplies, the United- States could certainly determine when as well as where it needed them. There was no obligation on claimant at that time to furnish them, and it did not lie in him to object. If the proposed conditions of delivery were unsatisfactory, he could keep hands off. But, in fact, the time of delivery was not irrevocably fixed, for bidders were requested to state for themselves the time within which they would undertake to make delivery if they could not deliver within the time fixed. The claimant bid without naming any other' time for delivery than that fixed and since it appeared that the proposed time for delivery would be considered in awarding the contract we may assume that claimant accepted the imposed conditions in that respect to further his chances of procuring the award. That the proposed place of manufacture was far removed from the place of delivery was not a condition imposed by the United States.
We are not able to conclude that any delay in making the award or in submitting formal contract for execution can operate to relieve the contractor. The award was made and notice thereof sent to the claimant within nine days after the day fixed for the opening of bids. The court can not say that that period constituted unreasonable delay, and if in fact it did it would seem that that was the time for the contractor to indicate his objections and protect himself against future liability. We do not find him doing so, but, on the contrary, his actions indicate his desire to proceed with the *58 contract. The conditions imposed on bidders required the execution of formal contract within 10 days after notice of acceptance of bid. Contract was forwarded to claimant on the day after he was notified of the acceptance of his bid, dated 10 days in advance, and was executed by him presumably with full knowledge of the conditions. Indeed, when returned to him because he did not submit bond and it was ascertained that he had no bond on file, he then furnished bond. He must then have known of the short time remaining for performance of the contract without liability under the liquidated-damage clause.
The right certainly did not rest in him to accept the benefits of the contract and assume that he might escape its burdens. Eather must we assume that he accepted and assumed all the obligations of the contract with its attendant burdens because he regarded it as in his interest to do so. If he failed in performance within the time limited, one of two things would result. His contract would be canceled and purchase made in the open market against his account, the unusual and not to be anticipated proceeding, or he would be permitted to deliver at a later date and be charged with liquidated damages for his delay in performance. In this connection it is noticeable that on the 14th of July he asked to be allowed 22 days from the 5th day of July in which to complete delivery, stating that 18 days would be required for shipment. The only significance to the particular day named, the 5th day of July, is that it was the day on which it is said that notice of acceptance of the bid had been received by the Exeter Machine Works from Fowler. This requested time would have expired with the 27th day of July. Therefore, on the 14th day of July the contractor was asking an extension of time to a date on which, by his own statement as to time required for shipment, he must have known that he could not complete delivery at Mare Island. It is but reasonable to assume that he was then expecting to pay some liquidated damages, and all the facts in the case justify the assumption that he was deliberately assuming that burden. He presumably wanted the contract when he bid on it. Time of delivery was to be considered in making *59 the award. A deduction of one-tenth of 1 per cent for each day’s delay but served in effect to reduce to that extent the price he was to receive for the articles bid on. Since he acted deliberately, with full knowledge of imposed conditions, there is room for the assumption that he may have regarded it as in his interest to thus suffer a reduction in his named price rather than to chance losing the contract by extending, in his bid, the specified time for delivery. Why delivery was finally delayed for so long a period we are not informed, and it is not material. Eeverting to the main proposition, it may be said that this is not, in legal contemplation, a contract impossible of performance from which the contractor may be relieved on that ground.
The other ground upon which relief is sought is that the contract is not a legal contract for liquidated damages because unconscionable, unreasonable, arbitrary, and disproportionate to any possible actual damage, and that it must be construed as a penalty.
We do not deem it necessary to set out the provision of the contract thus assailed or to discuss it in detail. The contract is in the record as a part of the petition. The right of parties to liquidate damages is unquestioned. The courts are going far, and rightly so, in permitting parties to make their own contracts. Having done so, they will not be permitted to lightly brush aside their assumed obligations. If they be burdensome, they will be regarded as deliberately assumed, and in the absence of some other and better reason the courts will leave them where they have deliberately placed themselves. The parties in this case have liquidated the damages for failure to deliver. It was a proper contract for the liquidation of damages. The court can not conclude that the basis of liquidation was so unreasonable as to impair the validity of the provision or that it was unreasonable at all. The unexplained delay in performance was so great as to largely exceed, at the per diem rate, the maximum charge permitted. That the deduction was not greater is due to a salutary provision of the contract in the interest of the contractor.
*60 The deduction, recovery of which is sought, was made in accordance with the terms of the contract, and we see no sufficient reason for relieving the contractor from its obligations and conditions.
For the several reasons stated it is concluded that the claimant is not entitled to recover, and that therefore his petition ought to be and it is dismissed.
All judges concur.